# In the United States Court of Federal Claims

No. 09-320C
(Filed: January 6, 2010)
(Not for Publication)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                                    *
MID-STATE CAMERA SERVICES, INC.,                    *
                                                    *
                Plaintiff,                          *
                                                    *
        v.                                          *
                                                    *
THE UNITED STATES,                                  *
                                                    *
                Defendant.                          *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

**WILLIAMS**, **Judge**

      In this action, Plaintiff Mid-State Camera seeks $64,583.71 from Defendant as just compensation for an alleged taking of Plaintiff's leasehold estate in property owned by Defendant. This matter comes before the Court on Defendant's motion to dismiss Plaintiff's action for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, Defendant's motion is DENIED.

**Background**[1]

      Defendant owns commercial property located at 220 South State Street in Chicago, Illinois. Def.'s Mot. at 1. Defendant contracted with Arun Enterprises, Inc. to manage the property. Id. On May 8, 2007, Plaintiff leased suite 322 in the subject property from Defendant. Pl.'s Compl. ¶ 11. The lease had an initial term of three years, beginning on July 1, 2007, and terminating on June 30, 2010, at which time Plaintiff could renew for an additional three years. Id. ¶ 12. On June 21, 2007, Defendant notified Plaintiff that it was assuming management duties from Arun Enterprises. Def.'s Mot. at 2. On June 27, 2007, Defendant informed Plaintiff that

---

[1] This background is derived from Plaintiff's complaint and Defendant's motion to dismiss.

Plaintiff's lease was to remain in full force and effect, and Defendant stated, <u>inter alia</u>, that it had "no renovation plans for the building for at least four years." Pl.'s Compl. Ex. B.

On or about December 4, 2007, Defendant notified Plaintiff that Plaintiff had to vacate the property by July 31, 2008. <u>Id.</u> ¶ 16. Plaintiff vacated the property prior to July 31, 2008. <u>Id.</u> ¶ 18. On or about June 17, 2008, Plaintiff submitted a claim in the above-stated amount to Land Acquisitions, Inc. ("LAI") -- Defendant's "relocation benefits advisor." <u>Id.</u> ¶ 19; Def.'s Mot. at 2. The parties failed to negotiate a settlement, and Plaintiff filed its complaint with this Court on May 19, 2009.

## **Discussion**

Plaintiff alleges that the government effected a taking under the Fifth Amendment by depriving Plaintiff of its property interests for a public purpose, and without just compensation. Pl.'s Compl. ¶¶ 22-27. Plaintiff brings an action for inverse condemnation because Defendant did not institute formal condemnation proceedings. Pl.'s Compl. ¶ 28; Def.'s Mot. at 5 n.2. "Inverse condemnation is 'a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted.'" <u>Cary v. United States</u>, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting <u>United States v. Clarke</u>, 445 U.S. 253, 257 (1980)).

In its motion to dismiss, Defendant argues that Plaintiff may not assert a takings claim because its remedy, if any, "arises out of the contract itself, not out of the Fifth Amendment." Def.'s Mot. at 4. According to Defendant, because Plaintiff has no property interest outside of the contract, its takings claim must be dismissed. Defendant also asserts that Plaintiff's complaint must be dismissed, even if the Court construes Plaintiff's complaint as asserting a claim for breach of contract, because the contract permitted the government to terminate the lease early. <u>Id.</u> at 6.

In resolving a Rule 12(b)(6) motion, the Court does not weigh the evidence or determine the likelihood of a plaintiff ultimately prevailing, but rather assesses whether a plaintiff has alleged facts, which if proven, would entitle it to the relief sought. See <u>L-3 Commc'ns Integrated Sys., L.P. v. United States</u>, 79 Fed. Cl. 453, 455 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2006)); see also <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Barlow and Haun, Inc. v. United States</u>, 87 Fed. Cl. 428, 434 (2009) ("If the facts alleged reveal any possible basis on which the plaintiffs might prevail, the court must deny the motion."). The complaint does not need to demonstrate that the claim will probably succeed, but it must provide "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 129 S.Ct at 1949.

Accordingly, to defeat Defendant's motion to dismiss, Plaintiff's complaint must allege facts that demonstrate a taking under the Fifth Amendment -- i.e., the taking of a compensable

property interest for a public purpose, without just compensation. The Court finds that Plaintiff's complaint met its burden.

The parties do not dispute that a lessee's leasehold interest is a compensable property interest for the purposes of the Fifth Amendment. See Pl.'s Compl. ¶ 23; Def.'s Mot. at 4; Lynch v. United States, 292 U.S. 571, 579 (1934) ("Rights against the United States arising out of a contract with it are protected by the Fifth Amendment."). Of course, as Defendant suggests, takings claims have "limited application" in cases where a plaintiff's rights are derived from a contract with the government. Sun Oil Co. v. United States, 572 F.2d 786, 818 (Ct. Cl. 1978); see Hughes Commc'n Galaxy, Inc. v. United States, 271 F.3d 1060, 1070 (Fed. Cir. 2001). This is not to say, however, that parties to a contract with the government are precluded from maintaining takings claims against the government for conduct arising out of the contractual relationship. See Barlow and Haun, Inc. v. United States, 87 Fed. Cl. 428, 438 (2009) ("[T]he mere existence of a contract is not necessarily fatal to a concurrently alleged taking claim."); Integrated Logistics Support Sys. Int'l v. United States, 42 Fed. Cl. 30, 34-35 (1998) (citing United States v. General Motors Corp., 323 U.S. 373 (1945) (proposing Fifth Amendment takings clause as alternative means for relief in action involving alleged breach of express lease agreement)).

This Court has consistently found that "[i]f the right at issue is not governed by the terms of the parties' contract, plaintiff may pursue a takings remedy to vindicate that right." Detroit Edison Co. v. United States, 56 Fed. Cl. 299, 302 (2003); see also Barlow and Haun, 87 Fed. Cl. at 439; Buse Timber & Sales, Inc. v. United States, 45 Fed. Cl. 258, 262 (1998) ("[I]n cases where the rights respecting the 'taken' [property] were not reduced to writing by the parties, both takings and breach claims have been permitted.") (citing Atlas Corp. v. United States, 895 F.2d 745 (Fed. Cir. 1990)). In order to determine whether the rights at issue in this case are governed by the contract, the Court must carefully assess the scope of the contract and weigh the evidence proffered by the parties. In this case, the Court, inter alia, may need to assess whether Defendant was acting in its commercial capacity as a party to the lease, or in its sovereign capacity, when it allegedly ordered the displacement of Plaintiff from the subject property. It would be premature to make those determinations at this juncture. As Judge Miller held in Barlow and Haun, "[t]he Court cannot conclude, at the motion to dismiss stage, that no rights beyond those created by the terms of the leases were taken." 87 Fed. Cl. at 439. Even in Sun Oil, a case relied upon by Defendant, and one in which the court eventually dismissed the plaintiff's takings claim, the court dismissed the claim following discovery, and after making "findings of fact [that] deal[t] in great detail with the varied and myriad facts advanced by the parties in this litigation." 572 F.2d at 795. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's takings claim at this juncture.

If, in the alternative, the Court construes Plaintiff's claim as an action for breach of contract, it cannot dismiss the claim for failure to state a claim upon which can be granted under RCFC 12(b)(6). Defendant alleges that the lease gave the government the right to terminate the lease with 180 days advance notice, and that Plaintiff admitted that it received 208 days advance notice. Def.'s Mot. at 6. Defendant argues that "[c]onsequently, Mid-State has failed to allege

that the Government breached its contractual obligations." Id.

Defendant asks the Court to adjudicate the matter and reach the merits to find that there was no breach, rather than to determine whether Plaintiff failed to state a claim for breach of contract. As described above, the Court does not, at the motion to dismiss stage, weigh evidence or determine Plaintiff's likelihood of success.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED. Defendant shall file its answer to Plaintiff's complaint by February 5, 2010.

s/Mary Ellen Coster Williams  
**Mary Ellen Coster Williams**  
**Judge**
